# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANIELLE MARIE VALOE,

Plaintiff,

v.

WISCONSIN LABOR AND INDUSTRY REVIEW COMMISSION, MICHAEL H. GILLICK, MARILYN TOWNSEND, GEORGIA E. MAXWELL, WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT, ANTONIETTE MARTIN, SYVIL ECKFORD, EQUAL EMPLOYMENT OPPORTUNITY COMMISION, and WASTE MANAGEMENT INC. OF WISCONSIN,

Defendants.

Case No. 26-CV-1301-JPS

## ORDER

On July 27, 2026, Defendant the Equal Employment Opportunity Commission ("EEOC") removed this case from Milwaukee County Circuit Court. ECF No. 1. Plaintiff Danielle Marie Valoe ("Plaintiff") alleges that the EEOC and various state agencies and officials mishandled her charges of discrimination against her employer, Waste Management ("WM"). *See generally* ECF No. 1-2 at 5–7. Now before the Court is the EEOC's executive summary of its proposed motion to dismiss under Federal Rule of Civil Procedure 12. ECF No. 16. This Order addresses the proposed motion to dismiss and several other matters.

At the outset, the Court notes that the Milwaukee County Circuit Court dismissed this case after it was removed to federal court, and that Plaintiff Danielle Marie Valoe ("Plaintiff") appealed that dismissal; the dismissal remains pending at this time. *See Danielle Marie Valoe v. Wisc. Lab. & Indus. Rev. Comm'n et al.*, Case No. 2026CV003570, July 27, Aug. 20, and Sept. 17, 2026 docket entries (Milwaukee Cnty. Cir. Ct. 2026), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2026CV003570&countyNo=40&index=0 (the "State Case"); *see generally Danielle Marie Valoe v. Wisc. Lab. & Indus. Rev. Comm'n et al.*, Appeal No. 2026AP002192 (Wisc. Ct. App. 2026), *available at* https://wscca.wicourts.gov/case/2026AP002192 (the "State Appeal").

The EEOC removed this case under 28 U.S.C. § 1442(a)(1). ECF No. 1 at 2. This statute provides for removal of, as relevant here, civil actions filed in state court against federal agencies. 28 U.S.C. § 1442(a)(1). The EEOC is a federal agency, so removal appears proper pursuant to this statute. Because removal appears proper, at this time the Court does not see the pendency of the State Appeal as a barrier to this case proceeding in federal court.

The EEOC will be permitted file its proposed Rule 12 motion to dismiss. *See* ECF No. 16. Moving papers shall be filed on or before **November 16, 2026**. The briefing deadlines and page limits in Civil Local Rule 7 apply. Additionally, the executive summary indicates that Plaintiff intends to "address[] the EEOC's notice of removal" in subsequent filings. *Id.* at 2. As noted above, removal appears proper based on the record currently before the Court, but the parties may address any arguments about the propriety of removal in briefing on the Rule 12 motion.

Turning to other matters of case management, the Court notes that it does not discern in the record any response to the complaint by Defendant the Wisconsin Department of Workforce Development ("DWD"). *See* ECF No. 12 (denying DWD, Michael H. Gillick, Marilyn Townsend, and Georgina Maxwell's motion to dismiss); ECF No. 8 (answer of Gillick, Townsend, and Maxwell only). If DWD wishes to file an answer, it must move for an extension of time to respond to the complaint in accordance with Federal Rule of Civil Procedure 6(b)(1)(B).

Similarly, WM has appeared through counsel but the Court discerns no response to complaint in the current record in this case. Plaintiff suggests that WM filed its answer in the State Case on May 20, 2026. *See* ECF No. 1-2 at 13–25 ("Valoe's Answer for May 20th 2026 Filing by [WM's Attorney]"). However, it is not apparent from the State Case docket whether WM filed an answer there. *See generally* State Case, May 20, 2026 docket entries. If WM did not file an answer in the State Case and now wishes to file an answer before this Court, it must move for an extension of time to respond to the complaint in accordance with Federal Rule of Civil Procedure 6(b)(1)(B). Otherwise, it may file a written submission pointing the Court to where its answer is filed in the State Case.

The Court does not discern any evidence that Defendants Syvil Eckford and Antoniette Martin were served with the complaint. Plaintiff must either submit such evidence, or request more time in which to serve them because the deadline for service has now expired. "For removed cases, the combined effect of [28 U.S.C.] § 1448 and [Federal] Rule [of Civil Procedure] 4(m) starts the clock [for service] on the date of removal." *UWM Student Assoc. v. Lovell*, 888 F.3d 854, 858 (7th Cir. 2018). This case was removed on July 27, 2026; accordingly, Plaintiff had until Monday, October

26, 2026 to serve Eckford and Martin. Fed. R. Civ. P. 4(m). On a showing of good cause for the failure to timely serve these parties, the Court may extend this deadline. *Id.* Failure to serve these parties may lead to their dismissal from the case. *Id.*

Finally, the Court directs Plaintiff's attention to the opportunity to receive Notices of Electronic Filing by email. If Plaintiff so elects, Plaintiff will receive immediate email notices of any new filings in this case, and "the court and counsel will no longer serve paper copies of filings on Plaintiff." *New Option for Pro Se (Non-Prisoner) Litigants: Register to Receive Electronic Notices*, U.S. Dist. Ct. for E. Dist. of Wis. (June 15, 2026), https://www.wied.uscourts.gov/news/new-option-pro-se-non-prisoner-litigants-register-receive-electronic-notices. If Plaintiff wishes to opt in to receive Notices of Electronic Filing by email, Plaintiff may do so at the provided web link.

Accordingly,

**IT IS ORDERED** that Defendant the Equal Employment Opportunity Commission may file its proposed Rule 12 motion to dismiss; moving papers shall be filed on or before **November 16, 2026**; the briefing deadlines and page limits in Civil Local Rule 7 apply.

Dated at Milwaukee, Wisconsin, this 2nd day of November, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge